[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16060
Non-Argument Calendar
_____

D.C. Docket No. 5:04-cr-00084-CAR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOSEA M. ALLEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(March 10, 2014)

Before TJOFLAT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Hosea Allen appeals the district court's denial of his 18 U.S.C. § 3582(c)(2)

motion to reduce his sentence of 262 months' imprisonment.  He contends that that

district court erred by declining to retroactively apply Amendment 750 to the United States Sentencing Guidelines and the reduced statutory penalties of the Fair Sentencing Act of 2010 ("FSA") to reduce his sentence.   For the reasons set forth below, we affirm the district court's denial of Allen's § 3582(c)(2) motion.

I.

In February 2005, the government charged Allen with distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count One), and distributing in excess of five grams of cocaine base, in violation of § 841(a)(1), (b)(1)(B)(iii) (Count Two).   After a two-day trial, a jury found Allen guilty of both charges.   At the July 20, 2005, sentencing hearing, the district court held Allen responsible for 26.1 grams of cocaine base and initially calculated an offense level of 28 under U.S.S.G. § 2D1.1(c).   Allen, however, was a career offender, which, per the 2004 career offender table, produced a total offense level of 34 in light of the 40-year statutory maximum penalty to which he was subject.   U.S.S.G. § 4B1.1(2004). When combined with Allen's criminal history category of VI, this produced a Guideline sentence range of 262 to 327 months' imprisonment.   The district court ultimately imposed a sentence of 240 months' imprisonment for Count One and 262 months' imprisonment for Count Two to run concurrently, for a total imprisonment term of 262 months.   Allen moved the district court twice to reduce his sentence, but the district court denied both motions.

2

On appeal, Allen argues that he is eligible for a sentence reduction under § 3582(c)(2) notwithstanding his status as a career offender, because his sentence range was "based upon" § 2D1.1, which includes offense levels for crack-cocaine drug quantities that were lowered by Amendment 750.   Allen also argues that he is entitled to a sentence reduction under the FSA's reduced statutory mandatory minimum penalties for crack-cocaine offenses.

## II.

We review *de novo* the district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2).   *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012), *cert. denied*, ⸺ U.S. ⸺, 133 S.Ct. 568, 184 L.Ed.2d 371 (2012).   Section 3582(c)(2) of  Title 18 of the United States Code provides that a court may reduce a defendant's sentence where the defendant is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1).   When determining whether a reduction is warranted, a court should first determine the Guideline sentence range that would have applied had the relevant amendment been in effect at the time of the defendant's sentencing.  *See United States v. Vautier*, 144 F.3d 756, 759–60 (11th Cir. 1998); U.S.S.G. § 1B1.10(b)(1).  If the relevant amendment does not have the effect of lowering the defendant's applicable Guideline sentencing range, a

3

sentence reduction is inconsistent with the Guideline's policy statement, and is, therefore, not authorized by § 3582(c)(2). U.S.S.G. § 1B1.10(a)(2)(B). In *United States v. Moore*, we held that a career offender is not entitled to a reduction of his sentence under § 3582(c)(2) where a retroactive Guideline amendment reduces his base offense level but does not alter the Guideline sentence range upon which his sentence was based. 541 F.3d 1323, 1330 (11th Cir.2008).[1]

Allen, like the defendants in *Moore*, was sentenced as a career offender. His Guideline sentence range was therefore based upon and determined by § 4B1.1, not § 2D1.1. Although the Sentencing Commission lowered the offense levels in U.S.S.G. § 2D1.1(c) for crack-cocaine drug quantities, it did not lower the sentence range for career offenders under U.S.S.G. § 4B1.1, which is what set Allen's Guideline sentence range. Application of Amendment 750 would therefore not lower his applicable Guideline sentence range.

Allen, however, argues that his sentence was based upon § 2D1.1 and thus he is eligible for a reduction under § 3582(c)(2). He contends that the Supreme Court's plurality opinion in *Freeman v. United States*, 564 U.S. ——, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), overruled our *Moore* decision and supports his

---

[1]    The defendants in *Moore* were eligible to have their base offense levels lowered by the retroactively applied Amendment 706, but because they were sentenced as career offenders under U.S.S.G. § 4B1.1, their Guideline sentence range would remain unaffected, thus they were ineligible for a sentence reduction under § 3582(c)(2).

contention.  Unfortunately for Allen, we have already rejected this argument in *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012).

In *Lawson*, the defendant, like Allen, appealed the district court's denial of his request for a sentence reduction under § 3582(c)(2), arguing that notwithstanding being sentenced as a career offender under § 4B1.1, based on the Supreme Court's decision in *Freeman*, he was entitled to a sentence reduction pursuant to Amendment 750 because his sentence was based on § 2D1.1.   In *Freeman*, the question before the Supreme Court was whether defendants who entered into Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreements were eligible for a § 3582(c)(2) sentence reduction.  *Freeman*, 564 U.S. at ——, 131 S.Ct. at 2690.  "Neither the plurality opinion nor Justice Sotomayor's concurrence in *Freeman* addressed defendants who were assigned a base offense level under one [G]uideline section, but who were ultimately assigned a total offense level and [G]uideline sentence range under § 4B1.1."  *Lawson*, 686 F.3d at 1321.  We therefore concluded that *Freeman* was not "clearly on point" to the issue that arose in *Moore* and thus did not overrule *Moore*'s holding that a career offender was not entitled to § 3582(c)(2) relief where his Guideline sentence range was not lowered by a retroactive amendment.  *Id.* (citing *United States v. Kaley*, 579 F.3d 1246, 1255 for the proposition that to overrule a prior opinion of the court, the Supreme Court decision "must be clearly on point").  Accordingly, we held that Lawson, a

career offender, was not entitled to relief based on Amendment 750 and § 3582(c)(2), as his Guideline sentence range, which was based on § 4B 1.1, was not reduced by Amendment 750. *Id.*

Based on our decision in *Moore* and *Lawson*, Allen is not entitled to a § 3582(c)(2) sentence reduction based on Amendment 750 because Amendment 750 only addressed his base offense level under § 2D1.1, without doing anything to lower his Guideline sentence range as determined by § 4B1.1.

Allen also argues that he is eligible for a § 3582(c)(2) reduction from his minimum penalty of 40-years imprisonment to a minimum penalty of 20-years imprisonment, based on the FSA, which became effective on August 3, 2010. The FSA lowered the statutory mandatory minimum penalties for crack cocaine offenses in 21 U.S.C. § 841(b). *See* Fair Sentencing Act of 2010, Pub. L. No. 111–220 § 2(a), 124 Stat. 2372 (2010). According to Allen, Congress intended the FSA to apply to all sentencing and sentencing-reduction proceedings after the FSA's effective date and that the Supreme Court's justifications in *Dorsey v. United States*, 567 U.S. ——, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012) counsel that the FSA should apply in § 3582(c)(2) proceedings.

We addressed the FSA's applicability in the context of § 3582(c)(2) proceedings in *United States v. Berry*, 701 F.3d 374 (11th Cir. 2012). Berry was convicted of a crack cocaine offense and sentenced in 2002, and his initial

Guideline range was 360 months to life imprisonment, which was based on his status as a career offender under § 4B 1.1(b), not on the drug quantity tables in § 2D1 .1(c). *Id.* at 376.

In resolving Berry's appeal, we noted that the FSA is not a Guideline amendment but a statutory change by Congress, thus it could not serve as a basis for a § 3582(c)(2) sentence reduction in Berry's case. Moreover, even assuming that Berry could bring his FSA claim in a § 3582(c)(2) proceeding, we concluded that his claim still failed because he was convicted and sentenced in 2002 and the FSA did not apply retroactively to his 2002 sentence. *Id.* We pointed out that there was no evidence that Congress intended the FSA to apply to defendants who had been sentenced before the August 3, 2010 date of the FSA's enactment. *Id.* We also noted that the Supreme Court's decision in *Dorsey* did not suggest that the FSA's new mandatory minimums should apply to defendants, like Berry, who were sentenced before the FSA's effective date. *Id.* at 378 ("*Dorsey* carefully confined its application of FSA to pre-Act offenders who were sentenced after the Act's effective date"); *see also United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir. 2013) (reaffirming the conclusion in *Berry* that *Dorsey* did not indicate that the FSA's new mandatory minimums should apply to defendants sentenced before the FSA's effective date).

*Berry* supports the conclusion that the district court did not have the authority to grant Allen's § 3582(c)(2) motion.  The FSA is not an amendment to the Guidelines by the Sentencing Commission and, thus it cannot serve as a basis for a § 3582(c)(2) sentence reduction in Allen's case.  *See Berry*, 701 F.3d at 377.  And even assuming that Allen could raise his FSA claim in a § 3582(c)(2) motion, his claim fails because he was sentenced in 2005, before the August 3, 2010, effective date of the FSA, therefore he cannot benefit from the FSA's lower statutory mandatory minimum provisions.   *See Hippolyte*, 712 F.3d at 542.  Contrary to Allen's assertion on appeal, *Dorsey* did not suggest that the FSA's new statutory penalties should apply to defendants who were sentenced before the FSA's effective date.   *See Berry*, 701 F.3d at 377–78; *Hippolyte*, 712 F.3d at 542.

In sum, the district court was not authorized to reduce Allen's sentence under § 3582(c)(2) because he was sentenced as a career offender.  Likewise, the FSA does not authorize a sentence reduction under § 3582(c)(2), and, in any case, it does not retroactively apply to defendants who, like Allen, were sentenced prior to its enactment.

Accordingly, after a careful and thorough review of the record and the parties' briefs, we affirm.

**AFFIRMED.**

8